UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
UNITED STATES OF AMERICA, : CASE NO. 5:18-CR-21
 :
 Plaintiff, :
 :
vs. : OPINION & ORDER
 : [Resolving Doc. 53]
DA NICO GETER, :
 :
 Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 23, 2018, Defendant Geter pleaded guilty to possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 924(c)(1)(A).[1] On June 7, 2018, this Court sentenced Geter to a total of 300-months imprisonment and ten-years supervised release.[2]

Geter now asks the Court to reduce his sentence under the 2018 First Step Act.[3] The Government opposes.[4]

I. Section 404 of the 2018 First Step Act Does Not Apply.

Geter argues that the 2018 First Step Act makes him eligible for a sentence reduction. His argument miscomprehends the retroactivity of the statute.

---

[1] Doc. 27.
[2] Doc. 39. The Court sentenced Geter to 5 years supervised release on one count and ten years supervised release on the other, to run concurrently.
[3] Doc 53. The Court appointed the Office of the Federal Public Defender to review Geter's *pro se* filing. After reviewing the case, appointed counsel had no additional information to provide. Doc. 58.
[4] Doc. 61.

In 2010, Congress passed the Fair Sentencing Act.[5] It reduced the statutory penalties for certain offenses, including violations of 21 U.S.C. § 841(a) involving crack cocaine. However, these 2010 changes were not retroactive.[6]

Section 404 of the 2018 First of Step Act[7] made these changes retroactive, providing that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."[8]

Geter is ineligible for a reduced sentence under Section 404 of the 2018 First Step Act, because the Fair Sentencing Act of 2010 was already in effect at the time of his 2018 sentencing. If the Fair Sentencing Act of 2010 applied to Defendant's circumstances, Geter's 2018 sentencing would already have factored in the 2010 Fair Sentencing Act.

The Court denies Geter's request for relief under the 2018 First Step Act.

II. Section 401 of the 2018 First Step Act Also Does Not Apply.

The Court enhanced Geter's sentence under 21 U.S.C. § 851 because of a prior offense. Geter says that his sentence enhancement is now unlawful under the First Step Act.[9] Specifically, he argues that modifications to the enhancement statute now require a prior conviction used for a § 851 offense enhancement to have had a maximum penalty of ten years or more of imprisonment before it can be used for enhancement.[10] Geter claims

---

[5] Pub. L. No. 111-220, 124 Stat. 2372 (2010).
[6] *See Dorsey v. United States*, 567 U.S. 260, 278 (2012) (holding that the new statutory penalties applied only to offenders sentenced after August 3, 2010, the effective date of the act).
[7] Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (December 21, 2018).
[8] *Id.*
[9] Although Geter cites Section 404 of the First Step Act for this argument as well, the Court considers it as an argument under "Section 401. Reduce and Restrict Enhanced Sentencing for Prior Drug Felonies."
[10] Doc 53.

that his prior offense does not satisfy this ten year criterion and therefore his sentence should be reduced.

Without reaching the question of whether Geter's prior offense meets the new statutory requirements, the Court denies Geter's request on the ground that Section 401 of the First Step Act is not retroactive.

Section 401 states that it applies only to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."[11] Congress enacted the 2018 First Step Act on December 21, 2018. Geter was sentenced more than six months prior to that date. He does not qualify under Section 401.

The Court denies Defendant Geter's request on this ground as well.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion.

IT IS SO ORDERED.

Dated:  September 30, 2019     *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[11] Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221 (December 21, 2018).