UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:18-cr-00021-JG-1 |
| Plaintiff, | : | OPINION & ORDER |
| vs. | : | [Resolving Doc. 91; Doc. 93] |
| DA NICO D. GETER, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Da Nico Geter asks the Court to reduce his sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1] The Government opposes Geter's request.[2]

For the following reasons, the Court **DENIES** Defendant Geter's motion for compassionate release.

I.  Background

In 2018, Defendant Geter pled guilty to one count of possession with intent to distribute a mixture containing carfentanil and one count of firearm possession in furtherance of a drug crime.[3] Geter faced a 20-year mandatory minimum sentence for Count 1 and a 5-year mandatory sentence for Count 2.[4] Defendant's presentence report recommended that Geter was a career offender and recommended a 322-387-month sentence.

This Court varied downward and sentenced Defendant to the mandatory minimum,

---

[1] Doc. 91.  Defendant's Counsel filed a supplemental motion in addition to Defendant's original *pro se* motion. Doc. 93.
[2] Doc. 95.
[3] Doc. 93 at 1.
[4] *Id.*

Case No. 5:18-cr-00021-JG-1
Gwin, J.

300 months.[5]

Now, Defendant seeks a sentence reduction under 18 U.S.C. § 3582. He argues that if he were sentenced today, the mandatory minimum would be 240 months.[6] He also contends that if he were sentenced today, after the Sixth Circuit's decision in *United States v. Havis*, he would not be classified as a career offender and his sentence guideline range would be 248-295 months.[7] Geter seeks a sentence reduction to 240 months.[8]

Defendant is also generally concerned about his risk of exposure to COVID-19 because of the conditions at FCI McDowell, where he is currently incarcerated.[9]

II. Discussion

A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[10]

According to Geter, on May 13, 2021, he sent a compassionate release request to the FCI McDowell warden.[11] The warden denied his request on May 18, 2021, but Geter does not provide evidence that he appealed or further exhausted this decision.[12] Defendant filed his compassionate release motion just a few days later on May 21, 2021.[13] Defendant filed

---

[5] *Id.* at 1–2.
[6] *Id.*; Doc. 91 at 9.
[7] Doc. 93 at 2.
[8] Doc. 99 at 1.
[9] Doc. 91 at 8, 10–12.
[10] 18 U.S.C. § 3582(c)(1)(A)(i).
[11] Doc. 91 at 8.
[12] Doc. 93-2.
[13] *See* Doc. 91.

Case No. 5:18-cr-00021-JG-1
Gwin, J.

his supplemental motion on July 19, 2021.[14]

However, the government does not challenge Defendant's exhaustion.[15]

It is not clear that Defendant Geter met 18 U.S.C. § 3582's exhaustion requirement, but because the government is silent on exhaustion, Geter's compassionate release claim is considered.[16]

### B. Eligibility

Under the compassionate release statute, a court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[17]

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction," (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[18]

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[19]  "[I]n the absence of an applicable policy

---

[14] *See* Doc. 93.

[15] *See* Doc. 95.

[16] The Sixth Circuit has explained that the 18 U.S.C. § 3582 exhaustion requirement is "mandatory but not jurisdictional and "must be enforced 'when properly asserted and not forfeited' by the government." *United States v. Grove*, No. 20-5677, 2020 U. S. App. LEXIS 30956, at *3 (6th Cir. Sept. 29, 2020) (citing *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)).  "Generally, exhaustion is an affirmative defense that should not be invoked sua sponte by the district court based on a failure to plead or attach exhibits proving exhaustion." *United States v Rucker,* No. 20-5533, 2020 U.S. App. LEXIS 28048, at *3 (6th Cir. Sept. 2, 2020).

[17] 18 U.S.C. § 3582(c)(1)(A).

[18] *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted).  The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors.  18 U.S.C. § 3553(a).

[19] *See Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate

Case No. 5:18-cr-00021-JG-1
Gwin, J.

statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative."[20]

### a. Extraordinary and Compelling Reasons

Defendant Geter argues that his sentence should be reduced because of three factors in combination: (1) his sentence would be different today; (2) he has completed programs and demonstrated good behavior while in prison; and (3) COVID-19 has caused especially difficult prison conditions.

None of these arguments, alone or in combination, satisfies the demanding standard for an extraordinary and compelling reason to reduce his sentence.

Defendant argues that if he were sentenced today, the mandatory minimum and his guideline range would be lower. At the time he was sentenced, the mandatory minimum sentence was 20 years,[21] while today the minimum would be 15 years under 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851.[22] As Defendant Geter recognizes,[23] Sixth Circuit authority dictates that statutory changes do not amount to extraordinary and compelling reasons unless paired with other factors.[24]

Defendant Geter's guideline range argument also does not justify reducing his sentence. At sentencing, the Court varied downward from the guideline range and sentenced Defendant to the mandatory minimum.[25] Changes in the guideline range are not, therefore, an extraordinary or compelling reason to reduce his sentence.

---

release.").
[20] *Elias,* 984 F.3d at 519–20; *Jones,* 980 F.3d at 1111 (indicating that the court "may skip step two" where an inmate files a motion on their own behalf.).
[21] Doc. 39.
[22] 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 851.
[23] Doc. 93 at 4.
[24] *U.S. v. Owens,* 996 F.3d 755, 764 (6th Cir. 2021); *U.S. v. Wills,* 997 F.3d 685, 688 (6th Cir. 2021).
[25] Doc. 39.

-4-

Case No. 5:18-cr-00021-JG-1
Gwin, J.

In addition, Defendant's guideline range argument is unavailing. Defendant argues that one of his career-offender predicates for heroin trafficking would not be a predicate today.[26] Even if that were true, Defendant has multiple other prior convictions for controlled substance offenses. In addition, his argument is based on a Sixth Circuit case that does not have retroactive effect.[27] Further, even under Geter's own guidelines calculations, the Court's original sentence was just five months longer than the top of the range.

In sum, neither of Defendant's arguments about sentencing law changes presents an extraordinary and compelling reason to reduce his sentence.

Defendant's argument about his good behavior while incarcerated also does not rise to an extraordinary and compelling reason for sentence reduction. The Court recognizes and commends Defendant Geter's rehabilitative efforts and behavior so far in his sentence. While these can be factors weighing in favor of release, they are outweighed by other factors here, as explained further in the subsequent section on the § 3553 factors.[28]

Finally, Defendant's argument about the effect of COVID-19 on prison conditions does not justify reducing his sentence. Defendant cites a generalized fear of contracting COVID-19.[29] Defendant concedes that he "does not suffer from a chronic medical condition" that would place him at heightened risk.[30]

Currently, there are no reported staff or inmated COVID-19 case at FCI McDowell.[31]

---

[26] Doc. 93 at 2.

[27] *Alexander v. United States*, No. 19-4005, 2020 WL 6111201, at *2 (6th Cir. June 30, 2020) (unpublished); *United States v. Lawrence*, No. 17-20259, 2021 WL 859044, at *1 (E.D. Mich. Mar. 8, 2021) (acknowledging that *Havis* does not have a retroactive effect); see also *Dorsey v. United States*, 567 U.S. 260, 280 (2012) ("the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced").

[28] *See U.S. v. Sorrell*, 845 F. App'x 435, 438-39 (6th Cir. 2021) (unpublished).

[29] Doc. 91 at 5–6.

[30] Doc. 99 at 2.

[31] Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited October 12, 2021).

-5-

Case No. 5:18-cr-00021-JG-1
Gwin, J.

Further, 139 staff members and 984 inmates have been fully vaccinated.[32] Approximately two-thirds of FCI McDowell's population has been vaccinated.[33] Defendant's medical records show that he refused vaccination in April 2021, but it is not clear whether he has been vaccinated since.[34]

Defendant Geter's concern is understandable, but it does not present an extraordinary or compelling circumstance requiring sentence reduction.[35]

### b. 18 U.S.C. § 3553(a) Factors

Even if the Court found that Defendant Geter's reasons amounted to extraordinary and compelling reasons, the 18 U.S.C. § 3353(a) factors also weigh against reducing Defendant's sentence. This Court chose a sentence significantly below the applicable sentencing guidelines range at the time.

Defendant Geter pled guilty to two offenses: possession with intent to distribute carfentanil and possession of a firearm in furtherance of a drug trafficking crime. The nature of the offenses was serious. Defendant Geter controlled distributions at two locations.[36] Searches of those locations revealed a significant quantity of dangerous drugs, as well as a loaded firearm.[37] This factor weighs against a sentence reduction.

Defendant Geter's criminal history also includes repeated convictions for drug trafficking.[38]

---

[32] *Id.*

[33] FCI McDowell reports a total of 1,501 inmates. Federal Bureau of Prisons, FCI McDowell, https://www.bop.gov/locations/institutions/mcd/ (last visited October 12, 2021).

[34] Doc. 98-1 at 14.

[35] *See United States v. Carter*, No. 3:18-cr-445, 2021 WL 424319, at *2 (N.D. Ohio Feb. 8, 2021) ("[A] fear of Covid-19 which is common to all inmates does not meet the high bar necessary to establish an extraordinary and compelling reason to modify his sentence").

[36] Doc. 95 at 14.

[37] *Id.* at 12-13.

[38] *Id.* at 14.

Case No. 5:18-cr-00021-JG-1
Gwin, J.

Defendant Geter's good behavior while incarcerated weighs in favor of relief. He has no infractions on his record, he has completed multiple educational programs, and he is employed.[39] These efforts are admirable. They are not sufficient, however, to outweigh the other factors weighing against a sentence reduction.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Geter's request for compassionate release.

IT IS SO ORDERED.

Dated: October 13, 2021    *s/      James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[39] Doc. 91 at 14; Doc. 93 at 2.