UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 5:18-cr-00021-JG-1 |
| Plaintiff, : | ORDER |
| vs. : | [Resolving Doc. 86] |
| DA NICO D. GETER, : | |
| Defendant. : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Defendant Da Nico D. Geter moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]  The Government opposes Geter's request.[2]

Defendant Geter argues two grounds for vacating his sentence.[3]  First, he argues that his attorney gave ineffective assistance of counsel by failing to adequately investigate the charges and gave ineffective assistance of counsel by failing to challenge the factual basis colloquy at his change of plea hearing.  Second, Geter argues that the government committed prosecutorial misconduct by conditioning the government's dropping a sentence enhancement to Geter's guilty plea.

To resolve Defendant Geter's ineffective assistance of counsel claim, the Court decides whether the attorney's performance fell below an objective standard of reasonableness, resulting in prejudice to Geter.  For Geter's prosecutorial misconduct claim, the Court examines whether the prosecutor's conduct resulted in a denial of his due process

---

[1] Doc. 86.
[2] Doc. 89.
[3] Doc. 86-1.

Case No. 5:18-cr-00021-JG-1
Gwin, J.

rights.

For the reasons stated below, the Court **DENIES** Defendant's 28 U.S.C. § 2255 motion.

I. Background

In 2018, Defendant Geter pled guilty to one count of possession with intent to distribute carfentanil and one count of firearm possession in furtherance of a drug crime.[4]

The Court accepted Defendant Geter's plea after conducting a change of plea hearing.[5] At the hearing, the Court reviewed the conviction penalties, including the mandatory minimum sentence.[6] Defendant Geter stated that he understood the conviction penalties.[7] The Court then explained the rights Defendant waived by pleading guilty and Geter confirmed that he waived each of those rights.[8]

During the hearing, the Court also asked Defendant Geter three questions about the quality of representation he received prior to entering his guilty plea. In response to these questions, Geter reported that he had consulted with his attorney, that his attorney was available for questions, and that they had reviewed each paragraph of the plea agreement together.[9] When asked about any complaints about his representation, Defendant Geter reported that he had none.[10]

The Court accepted Defendant Geter's guilty plea, finding that Geter knowingly and

---

[4] Doc. 27 at 2.
[5] Doc. 70.
[6] *Id.* at 5:3-6:20.
[7] *Id.* at 6:17-20.
[8] *Id.* at 6:21-9:2.
[9] *Id.* at 9:3-13.
[10] *Id.* at 9:11-13.

Case No. 5:18-cr-00021-JG-1
Gwin, J.

voluntarily waived his rights.[11]

Geter's plea gave Geter a benefit. The United States cautioned that without a plea, it intended to file a second 21 U.S.C. § 851 enhancement that would subject Geter to a mandatory life sentence if convicted.[12]

Two months after pleading guilty, Defendant Geter moved to withdraw his plea.[13] Defendant Geter argued that he was dissatisfied with Attorney Callahan's advice to enter the plea agreement.[14]

The Court held a hearing on Defendant Geter's motion to withdraw his guilty plea. At the hearing, the Defendant stated, "I'm not trying to go to trial" and explained that when he wrote the motion, "I wasn't trying to withdraw my plea."[15] After discussing the charges, the plea, and the enhancement the government agreed to drop with the plea agreement, the Court asked Defendant Geter if he understood the charges he faced.[16] Defendant Geter confirmed that he did.[17] When the Court asked Geter if he wanted to withdraw his plea, Geter said no.[18] The Court found that Defendant Geter withdrew his motion to withdraw the guilty plea.[19]

The Court sentenced Geter to the mandatory minimum sentence, 300 months' imprisonment, followed by 10 years of supervised release.[20] The Court sentenced Geter to

---

[11] *Id.* at 17:5-7.
[12] Doc. 71 at 8:23-9:8.
[13] Doc. 35.
[14] *Id.* at 2.
[15] Doc. 71 at 9:17-18, 11:1.
[16] *Id.* at 11:18-19.
[17] *Id.* at 11:20.
[18] *Id.* at 11:21-23.
[19] *Id.* at 12:2-3.
[20] Doc. 39.

Case No. 5:18-cr-00021-JG-1
Gwin, J.

a sentence significantly below the recommended Guidelines sentence.

The Sixth Circuit dismissed Defendant Geter's appeal, holding that his plea agreement was valid and that the agreement's appellate waiver barred his appeal.[21]

Defendant Geter is scheduled to be released from prison on May 6, 2039.[22]

## II.  Legal Standard

A federal prisoner may collaterally attack their conviction or sentence by filing a § 2255 motion to vacate, set aside, or correct their sentence.  A § 2255 motion must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[23]  A § 2255 movant must establish their allegations by a preponderance of the evidence.[24]

*Pro se* pleadings, such as Defendant's habeas petition, are liberally construed and held to less stringent standards than counsel-drafted pleadings.[25]

## III.  Discussion

### A.  Ground One: Defendant's Ineffective Assistance of Counsel Claim

Defendant Geter argues that Attorney Callahan provided ineffective assistance by failing to challenge the Court's factual basis inquiry at the change of plea hearing, by failing to advise him about the mandatory minimum sentence in his case, and by failing to adequately investigate his case.[26]  The record does not support these claims and neither of

---

[21] Doc. 84.
[22] Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/ (last visited October 26, 2021).
[23] *Pough v. U.S.*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. U.S.,* 334 F.3d 491, 496–97 (6th Cir. 2003)).
[24] Id.
[25] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).
[26] Doc. 86-1 at 6-10.

Case No. 5:18-cr-00021-JG-1
Gwin, J.

these arguments shows ineffective assistance of counsel.

To establish ineffective assistance of counsel, Defendant Geter must meet the *Strickland* standard: He must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by their deficiency.[27]

For the first prong, Counsel's performance must fall "below an objective standard of reasonableness."[28] Courts use a highly deferential standard to assess counsel's performance.[29] Courts presume a "wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[30]

For the second prong, in a case involving a guilty plea, the defendant "must show that there is a reasonable probability the outcome of the plea process would have been different had he received competent advice."[31]

Here, Defendant Geter's argument fails to show the first prong: that Attorney Callahan's performance fell below the objective reasonableness bar.

Defendant Geter argues that Attorney Callahan should have challenged the Court's factual basis inquiry for his firearm conviction at the change of plea hearing. But the plea agreement set out the elements of the offense.[32] Defendant Geter told the Court that he reviewed each paragraph of the agreement with his attorney and that the agreement was

---

[27] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[28] *Id.* at 688.
[29] *Id.* at 689.
[30] *Id.* (citation omitted).
[31] *Rodriguez-Penton v. United States*, 905 F.3d 481, 486-87 (6th Cir. 2018) (citing *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)).
[32] Doc. 27 at 5.

-5-

Case No. 5:18-cr-00021-JG-1
Gwin, J.

accurate.[33] "[W]hen a plea agreement's written description of the essential facts underlying the charge supports a finding of guilty, the defendant's express acknowledgement of the accuracy of the agreement's provisions satisfies the requirements set forth in Rule 11[(b)(3)]."[34]

As for Defendant Geter's arguments about his attorney's failure to explain his mandatory minimum sentence, the Court explained and confirmed Geter's understanding of that sentence at both hearings.[35]

Defendant also argues that Attorney Callahan failed to sufficiently investigate his case. He does not explain what his attorney should have investigated or how that would have changed the outcome.[36] At Defendant's guilty plea withdrawal hearing, the Court inquired about Attorney Callahan's investigative efforts and communications with his client.[37] Those efforts fell within the standard of reasonableness.

Defendant does not show that Attorney Callahan provided him with illegal or incorrect advice.[38] Moreover, courts are very deferential to counsel's strategic decisions.[39]

Even if he could meet the first prong, Defendant Geter could not show the second prong: that he was prejudiced by Attorney Callahan's advice or strategy.

In exchange for his guilty plea, the government did not file an additional and available 21 U.S. § 851 sentence enhancement.[40] If the government had filed both § 851

---

[33] Doc. 70 at 9:22-10:9.
[34] *United States v. Pitts,* 997 F.3d 688, 698 (6th Cir. 2021) (quoting *United States v. Baez,* 87 F.3d 805, 810 (6th Cir. 1996)).
[35] Doc. 70 at 13:7-14:2; Doc. 71 at 10:14-11:17.
[36] Doc. 86-1 at 7.
[37] Doc. 71 at 3:3-4:2.
[38] *See Missouri v. Frye,* 566 U.S. 134, 140–142 (2012).
[39] *Strickland,* 466 U.S. at 689.
[40] Doc. 71 at 8:23-9:3.

-6-

Case No. 5:18-cr-00021-JG-1
Gwin, J.

enhancements, Defendant Geter would have faced a mandatory life sentence.[41] At his guilty plea withdrawal motion hearing, after confirming that he understood the additional enhancement he could face, Defendant Geter stated that he did not wish to go to trial or to withdraw his guilty plea.[42] He explained, "I know the ramifications about if I go to trial and lose and face life, that's the reason I took the deal."[43]

Defendant Geter has not shown that Attorney Callahan provided ineffective assistance or that he was prejudiced by Callahan's counsel.

### B. Ground Two: Prosecutorial Misconduct

In his second ground, Defendant Geter alleges prosecutorial misconduct. Geter argues that he entered into the plea agreement because the government threatened him with an additional § 851 sentence enhancement if he did not plead guilty.[44]

For habeas claims, prosecutorial misconduct rises to the level of a constitutional violation when the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."[45]

Defendant Geter fails to show a constitutional violation here. At his motion hearing, the government confirmed that it dropped one of the § 851 sentence enhancements because Geter pled guilty.[46] This exercise of prosecutorial discretion does not, however, establish misconduct.

---

[41] *Id.* at 9:4-8.
[42] *Id.* at 9:12-21, 10:14-11:17.
[43] *Id.* at 11:7-10.
[44] Doc. 86-1 at 11.
[45] *Sowell v. Collins,* 557 F. Supp. 2d 843, 911 (S.D. Ohio 2008) (citing *Broom v. Mitchell,* 441 F.3d 392, 412 (6th Cir.2006)).
[46] Doc. 71 at 8:23-9:3.

Case No. 5:18-cr-00021-JG-1
Gwin, J.

As the Supreme Court has observed, "acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process."[47] Here, the government did not act improperly by agreeing not to pursue an additional sentence enhancement in exchange for Defendant Geter's plea. Engaging in negotiations does not amount to coercion.

Defendant Geter does not show that the government committed misconduct in the plea negotiations.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's 28 U.S.C. § 2255 motion.

IT IS SO ORDERED.

Dated: October 26, 2021          *s/   James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[47] *Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978).