UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CASE NO. 5:18-cr-00021-JG-1 |
| Petitioner, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 106] |
| DA NICO D. GETER, : | |
| : | |
| Respondent. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 8, 2021, Petitioner Geter petitioned this Court for habeas corpus relief under 28 U.S.C. § 2255.[1] On October 26, 2021, the Court denied Geter's petition.[2]

Petitioner Geter now requests a Certificate of Appealability to appeal this Court's habeas petition ruling.[3] For the reasons described below, the Court **DENIES** Geter a Certificate of Appealability on his two claims.

I.   Background

In 2018, Petitioner Geter pled guilty to one count of possession with intent to distribute carfentanil and one count of firearm possession in furtherance of a drug crime.[4] The Court accepted Geter's guilty plea, finding that Geter knowingly and voluntarily waived his rights.[5]

Petitioner Geter's plea gave Geter a benefit. The United States cautioned that without a plea, it intended to file a second 21 U.S.C. § 851 enhancement that would subject Geter to a mandatory life sentence if convicted.[6]

---

[1] Doc. 86.
[2] Doc. 103.
[3] Doc. 106.
[4] Doc. 27 at 2.
[5] Doc. 70 at 17:5-7.
[6] Doc. 71 at 8:23-9:8.

Case No. 3:18-cv-451
Gwin, J.

The Court sentenced Geter to the mandatory minimum sentence.[7]

With his 28 U.S.C. § 2255 petition, Petitioner Geter argued two grounds for vacating his sentence. sFirst, he argued that his attorney provided ineffective assistance of counsel. Second, he argued that the government engaged in prosecutorial misconduct.

The Court denied both claims for habeas relief.[8] The Court found that Defendant Geter's attorney provided reasonable assistance. The Court also found that the government properly exercised prosecutorial discretion in the plea negotiations.

## II. Legal Standard

Habeas corpus petitioners are not entitled to appeal this Court's decision by right.[9] Rather, the Antiterrorism and Effective Death Penalty Act first requires a § 2255 petitioner to request and obtain a Certificate of Appealability before going ahead with an appeal.[10]

To obtain a Certificate of Appealability, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[11]

## III. Discussion

### a. Ineffective Assistance of Counsel Claim

Petitioner Geter argued that his attorney provided ineffective assistance of counsel by failing to challenge the factual basis for his guilty plea and by failing to explain the mandatory minimum sentence.

To establish ineffective assistance of counsel, Defendant Geter must meet the *Strickland* standard: He must show (1) that his counsel's performance was deficient, and (2)

---

[7] Doc. 39.
[8] Doc. 106.
[9] 28 U.S.C. § 2253.
[10] *Id.*
[11] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

-2-

Case No. 3:18-cv-451
Gwin, J.

that he was prejudiced by their deficiency.[12]

Defendant Geter does not meet either *Strickland* prong. At the change of plea hearing, the Court confirmed that Defendant Geter understood the mandatory minimum sentence.[13] The Court also confirmed that his attorney made sufficient investigative efforts and communicated sufficiently.[14]

The alleged representational errors that Petitioner raises fall far short of making out a claim under the *Strickland* standard. Petitioner does not show that reasonable jurists would find this assessment debatable.

### b. Prosecutorial Misconduct Claim

Petitioner Geter also alleges prosecutorial misconduct. Geter argues that he entered into the plea agreement because the government threatened him with an additional 21 U.S.C. § 851 sentence enhancement if he did not plead guilty.

Petitioner Geter fails to show a constitutional violation here. The government may engage in negotiations as part of the plea process.[15]

Petitioner does not show that reasonable jurists would find this assessment debatable.

### IV. Conclusion

For these reasons, the Court **DENIES** Petitioner Geter a Certificate of Appealability.

IT IS SO ORDERED

Dated: March 25, 2022        *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[12] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[13] Doc. 70 at 13:7-14:2; Doc. 71 at 10:14-11:17.
[14] Doc. 71 at 3:3-4:2.
[15] *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

-3-